ACCEPTED
15-25-00130-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
12/19/2025 8:13 AM
CHRISTOPHER A. PRINE
CLERK

**Cause No. 15-25-00130-CV**

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
12/19/2025 8:13:16 AM
CHRISTOPHER A. PRINE
Clerk

## FIFTEENTH COURT OF APPEALS

**TEXAS HEALTH AND HUMAN SERVICES COMMISSION,**
*Appellant*,

**v.**

**AMY BAZAN a/k/a AMY FAIRBANK,**
*Appellee*.

_____

**On Appeal from the 353rd Judicial District Court of Travis County, Texas
No. D-1-GN-22-000773**

_____

### REPLY BRIEF OF APPELLANT, THE TEXAS HEALTH AND HUMAN SERVICES COMMISSION

_____

**KEN PAXTON**
**Attorney General of Texas**

**BRENT WEBSTER**
**First Assistant Attorney General**

**RALPH MOLINA**
**Deputy First Assistant Attorney
General**

**AUSTIN KINGHORN**
**Deputy Attorney General for Civil
Litigation**

**December 19, 2025**

**ERNEST C. GARCIA**
**Chief, Administrative Law Division**

**TED A. ROSS**
**Assistant Attorney General**
**State Bar No. 24008890**
**Office of the Attorney General**
**P.O. Box 12548 (MC 018)**
**Austin, Texas 78711-2548**
**(512) 475-4191**
**ted.ross@oag.texas.gov**

*Attorneys for Appellant, the Texas Health
and Human Services Commission*

# TABLE OF CONTENTS

INDEX OF AUTHORITIES ...................................................................... 3

INTRODUCTION ..................................................................................... 4

REPLY .................................................................................................... 5

Reply Point 1: Fairbank misunderstands the substantial evidence
standard of review ................................................................................. 5

Reply Point 2: The Court should reject Fairbank's repeated
attempts to convince the Court to weigh the record evidence .......................... 6

Reply Point 3: Fairbank misinterprets the plain language in the
Family Code's definitions of "abuse" and "physical injury" ...........................9

CONCLUSION AND PRAYER ................................................................. 10

CERTIFICATE OF COMPLIANCE.............................................................12

CERTIFICATE OF SERVICE....................................................................12

# INDEX OF AUTHORITIES

**Cases**

*Hyde v. Harrison Cty.*,
   710 S.W.3d 403 (Tex. App. 15th Dist. 2025, no pet.)............................................. 5

*Scally v. Tex. State Bd. of Med. Exam'rs*,
   351 S.W.3d 434 (Tex. App.—Austin 2010, pet. denied) ...................................... 6

*Tex. Comm'n on Envtl. Quality v. Maverick Cty.*,
   642 S.W.3d 537 (Tex. 2022), *reh'g denied* (Apr. 22, 2022)................................5, 6

**Statutes**

Tex. Fam. Code
   § 261.001(1)(C) ..................................................................................... 4

**Rules**

40 Tex. Admin. Code
   § 707.455(b)(2) .................................................................................. 4, 10

## INTRODUCTION

Fairbank's brief is nothing more than another attempt to ask the court to re-weigh the substantial record evidence in violation of the substantial evidence standard of review. And she was unfortunately successful in the trial court. However, there is more than substantial evidence in the record that Fairbank abused her child, thus warranting her placement on the Child Abuse and Neglect Central Registry.

In reversing the SOAH Decision and Order (SOAH Order), the district court ignored the substantial evidence and substituted its judgment for the judgment of the state agency on the weight of the evidence. This is a flagrant violation of the standard of review, where questions of weight are committed to the agency's discretion. The district court improperly usurped the agency's authority as the trier of fact. This Court should reverse the district court's judgment and affirm the SOAH Order because the evidence in the record supports the finding of abuse.

Fairbank is also wrong in her interpretation of the unambiguous language in section 261.001(1)(C) of the Family Code defining "abuse" and in DFPS Rule 707.455(b)(2) defining "Physical injury that results in substantial harm to the child."

Further, there are several misstatements in Fairbank's brief that are not shown to be supported by the record. This Court should reject Fairbank's attempt

to distract the Court from the real issue in this case. This case is about parental abuse of a child, not a contentious divorce.

## REPLY

**Reply Point 1:     Fairbank misunderstands the substantial evidence standard of review.**

The discussion in Fairbank's brief about the applicable standard of review is, at best, incomplete. Br at 9-10.

This Court recently addressed the well-settled substantial evidence standard of review in *Hyde v. Harrison Cty.*, 710 S.W.3d 403 (Tex. App. 15th Dist. 2025, no pet.). The Court notes that, in applying the standard, (i) a court may not substitute its judgment for the judgment of the state agency on the weight of the evidence; (ii) in assessing whether the agency's decision is reasonably supported by substantial evidence, the issue is not whether the agency's decision is correct, but only whether the record demonstrates some reasonable basis for the decision; and (iii) a court must uphold the agency's ultimate decision if the evidence is such that reasonable minds could have reached the conclusion that the agency must have reached in order to justify its action. *Hyde*, 710 S.W.3d at 407-408. Also, the party contesting a state agency final decision has the burden to refute the presumption that the agency's findings, inferences, conclusions, and decisions are supported by substantial evidence. *Tex. Comm'n on Envtl. Quality v. Maverick Cty.*, 642 S.W.3d 537, 547 (Tex.

2022), *reh'g denied* (Apr. 22, 2022). "The burden is a heavy one—even a showing that the evidence preponderates against the agency's decision will not be enough to overcome it, if there is some reasonable basis in the record for the action taken by the agency." *Scally v. Tex. State Bd. of Med. Exam'rs*, 351 S.W.3d 434, 441 (Tex. App.—Austin 2010, pet. denied).

**Reply Point 2:    The Court should reject Fairbank's repeated attempts to convince the Court to weigh the record evidence.**

Fairbank continues to ignore the substantial evidence in this case and attempts to distract the court from the simple issue of whether Appellee abused her child (Child 1). In making that determination "[a]n administrative law judge as factfinder, determines the credibility of witnesses and the weight of their testimony." *Scally*, 351 S.W.3d at 441. Further, a court may not set aside an agency decision merely because testimony was conflicting or disputed as long as the evidence can support either affirmative or negative findings on a specific issue. *Id.*

First, contrary to Appellant's statement on p. 6 of her brief, HHSC staff did in fact offer pictures relating to physical injuries. AR at 000235 (color photography of broken flyswatter). The picture showed a substantial cut in the flyswatter which indicates that it was capable of causing bodily harm.

Second, the alleged behavior on the part of the father has absolutely nothing to do with whether Child 1 was abused. The same is true regarding the allegation that

6

the father did not call law enforcement, that Child 1 did not mention being spanked or disciplined by a flyswatter, or that there was no mention of bleeding or bruising from the use of the flyswatter. It is not uncommon for abused children not to report or reach out due to fear of punishment from the parent(s). Also, both children made outcry statements to the amicus attorney, Cynthia Kent. AR 65, 66, 124. Child 1 also told Ms. Kent that Fairbank recently spanked her, and it made blood marks. AR 79, 125. The ALJ determined that "[t]he Children provided consistent statements that Petitioner had spanked Child 1 with a broken fly swatter which caused Child 1's leg to bleed." AR 125. The ALJ's fact-findings are conclusive. Furthermore, the children's father confirmed that Fairbank had hit Child 1 on the leg causing her to bleed in four spots on her leg. AR 81, 124. A certified forensic interviewer confirmed the fact that Fairbank spanked Child 1 with a flyswatter, and it left a big purple mark. AR 61, 124-125. And Fairbank herself admitted that she struck Child 1 with a broken flyswatter and that it cut Child 1, and that she hit Child 1 this way because Child 1 had flooded the bathroom floor. AR 61, 124, 125. The flyswatter left a mark on the child's leg and caused a partial skin break. AR 10, 61, 125. The amicus attorney also concluded that Fairbank is struggling with physically abusing her children. AR 86, 124.

Fairbank speculates that Child 1 was somehow "coached." Br. at 12-13. To the contrary, there is not one shred of evidence to even remotely suggest that Child 1 was "coached" by anyone.

Fairbank also refers to her own testimony in her brief. Br. at 15. That's her self-serving side of the story. The ALJ was well within her discretion to determine that Fairbank's testimony was either not credible or did not rise to the level of refuting the substantial evidence showing that she abused her daughter.

Without any authority, Fairbank further claims that the factfinder cannot rely on so-called inconsistencies in statements given by the children. Br. at 13-14. The statements she refers to, however, are not inconsistent. Fairbank claims that Child 2 told the interviewer that Fairbank spanked her sister with a flyswatter, but that Child 1 made no mention of being spanked with a flyswatter when she was interviewed by the investigator. Br. at 13. These statements are hardly inconsistent. Just because Child 1 made no mention of being hit with a flyswatter and her sister did mention it does not mean that the testimony was conflicting. The same is true regarding the children's interviews with the amicus attorney. Br. at 13-14. Inconsistent statements would be if Child 1 had affirmatively stated that she was not spanked with a flyswatter and, on the other hand, Child 2 saying she was. That's not the case here. Fairbank

can't dispute the fact that she spanked Child 1 with a flyswatter; in fact, she admits that she hit and cut Child 1. AR 61, 124, 125.

Fairbank's legally unsupported argument that the ALJ should have rejected the children's testimony just because one child didn't mention something in one interview and the other child did in another should be rejected. Under the substantial evidence rule, courts focus on whether some credible evidence supports the ALJ's findings.

**Reply Point 3: Fairbank misinterprets the plain language in the Family Code's definitions of "abuse" and "physical injury."**

Fairbank contends that her actions did not constitute abuse and that hitting her child with a broken flyswatter did not result in "physical injury to the child" under the Family Code and the DSHS rule. Br. at 11-12. She further claims that any harm or injury to Child 1 was "transient." *Id.* To the contrary, the ALJ as the factfinder was well within her discretion to conclude that:

> A bruise is more than a temporary minor mark. Petitioner testified she believed spanking Child 1 with a broken fly swatter was reasonable discipline. But the law provides that causing injury to a child is not reasonable discipline and causing a child to bleed is an injury. In this case the evidence shows the discipline was not reasonable.

> In short, causing a child to bleed and bruise falls squarely into the list of examples of forms of abuse pursuant to the Texas Administrative Code. Child 1 suffered a physical injury by the actions of the Petitioner. Therefore, the preponderance of the credible evidence supports a finding that Petitioner abused Child 1.

AR 129.

The ALJ's decision is based on the plain and unambiguous language of the DSHS rule defining "physical injury that results in substantial harm to a child":

> (A) Any of the following, if caused by an action of the alleged perpetrator directed toward the alleged victim: substantial or frequent **skin bruising**; **substantial cuts**, **welts**, **lacerations**, or pinch marks; skull or other bone fractures; damage to cartilage; brain damage; subdural hematoma; soft tissue swelling; impairment of or injury to any bodily organ or function; **any other internal injury otherwise not specified**; permanent or temporary disfigurement; burns; scalds; wounds . . . .

40 Tex. Admin. Code § 707.455(b)(2) (emphasis added).

The ALJ, as the factfinder, was also correct in lending little weight to Fairbank's contentions that the injuries to Child 1 were merely "transient."

## CONCLUSION AND PRAYER

This Court should reject Fairbank's attempts to turn the substantial evidence standard of review on its head, to ignore the discretion of the ALJ as the factfinder, and to disregard the plain language of the applicable statute and rule.

For the reasons stated herein and in HHSC's opening brief, HHSC respectfully requests this Court to reverse the district court's judgment and affirm the agency's Decision and Order in all respects.

Dated:      December 19, 2025

10

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

AUSTIN KINGHORN
Deputy Attorney General for Civil Litigation

ERNEST C. GARCIA
Chief, Administrative Law Division

*/s/ Ted A. Ross*
Ted A. Ross
Assistant Attorney General
State Bar No. 24008890
OFFICE OF THE TEXAS ATTORNEY GENERAL
ADMINISTRATIVE LAW DIVISION
P. O. Box 12548
Austin, Texas 78711-2548
Telephone: (512) 475-4191
Email: ted.ross@oag.texas.gov

***Attorneys for Appellant, Texas Health and Human Services Commission***

11

**CERTIFICATE OF COMPLIANCE**

In compliance with Texas Rule of Appellate Procedure 9.4(i)(2)(B), this brief contains 1,660 words, excluding the portions of the brief exempted by Rule 9.4(i)(1).

*/s/ Ted A. Ross*
Ted A. Ross
Assistant Attorney General

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and forgoing document has been served on the 19th day of December 2025 to the following counsel:

Prema Autry                                   *via e-Service*
Texas State Bar No. 24082357
223 S. Bonner Ave.
Tyler, Texas 75702
T: (903) 705-7211
F: (903) 705-7221
pautry@laddtxlaw.com
***Attorney for Appellee,***
***Amy Bazan a/k/a Amy Fairbank***

*/s/ Ted A. Ross*
Ted A. Ross
Assistant Attorney General

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Jeff Lutz on behalf of Ted Ross
Bar No. 24008890
jeff.lutz@oag.texas.gov
Envelope ID: 109291769
Filing Code Description: Brief Not Requesting Oral Argument
Filing Description: 2025 1219 HHSC Reply Brief
Status as of 12/19/2025 8:19 AM CST

Associated Case Party: Texas Health and Human Services Commission

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Jeff Lutz | | jeff.lutz@oag.texas.gov | 12/19/2025 8:13:16 AM | SENT |
| Ted Ross | | ted.ross@oag.texas.gov | 12/19/2025 8:13:16 AM | SENT |

Associated Case Party: Amy Bazan

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Cheryl Kuester | | ckuester@laddtxlaw.com | 12/19/2025 8:13:16 AM | SENT |
| Norman Ladd | | nladd@laddtxlaw.com | 12/19/2025 8:13:16 AM | SENT |
| Prema Autry | | pautry@laddtxlaw.com | 12/19/2025 8:13:16 AM | SENT |